We'll hear argument next this morning in Case 09-1205, Smith v. Bayer Corp. Mr. Monahan. Mr. Chief Justice, and may it please the Court. Petitioners Keith Smith and Shirley Scalazza were not named plaintiffs in the prior Federal proceeding litigated by George McCollins. They never received notice of that prior proceeding. They never received an opportunity to appear and be heard. They never received an opportunity to opt out. And they never received an opportunity to appeal the decision denying class certification. No precedent of this Court would justify treating people as parties under preclusion principles under these circumstances. Recently, in Taylor v. Sturgill, this Court addressed the role against nonparty preclusion and discussed the recognized exceptions. The Court in that case discussed a properly conducted class action as being one of the exceptions. The Court in discussing these preclusion rules noted that they are limited by due process concerns, and the Court noted that the properly conducted class action is an exception due to the due process protections incorporated in the Rule 23. Obviously, this Court has discussed the due process protections with class actions in prior cases, particularly those dealing with 23b3 classes in cases such as Eisen and Schutz. The Court has noted that whenever a class is certified, notice must be provided, the right to – notice must be provided, they must have the right to appear and be heard in person or by counsel, they must have the right to opt out, as well as the protection of adequate representation. Well, suppose a class action based on diversity is filed in one of the Federal districts in West Virginia, and district court denies class certification. The same plaintiff, the same plaintiff's attorney, takes the old complaint, writes in the name of a new named party, files exactly the same complaint in another Federal – in the other Federal district in West Virginia. Would your argument be the same? Back and go forward. Get another shot at class certification. Your Honor, under the – yes, under those circumstances as outlined by Your Honor. All you have to do is get a new named plaintiff. Yes, as long as it's not the same party. If it's a different party, and that – And it could be the same attorney doing it. Yes, it could be the same attorney. This Court noted that in Taylor v. Sturgill, in South Central Bell v. Alabama, and also was discussed in the Richards case. Would the decision that's saying, saying Rule 23 standards have not been met, the individual issues predominate over the common issue, doesn't that deserve some measure of respect when the same thing is tried again? Yes, Your Honor. But that would be under stare decisis principles, we believe, in that situation, since it is a different party, since it's not the same party itself. And certainly the district courts in West Virginia would look to other district courts' opinions and would likely render them persuasive or consider them persuasive under those circumstances. But they have no obligation to follow another district court opinion, do they? Technically, no, Your Honor. If the Fourth Circuit, for instance, had spoken on the matter, though, and it was something that was decided by the Fourth Circuit or, of course, by this Court, then clearly they would. And this one was determined by the multi-district panel, right? Yes. Yes. The district judge in Minnesota. Yes, Your Honor. Interestingly, in Taylor, this Court noted that adopting a broad theory of virtual representation based upon an identity of interests, adequate representation and a close relationship would in essence be equivalent to adopting a de facto class action or recognizing a common law class action without any of the procedural due process protections provided by Rule 23. Obviously, in dealing with these cases, the main reason of certification is the main reason the due process protections provided upon certification is to go ahead and justify binding the class members to any judgment issued by the court at that point. Until you have that, unless you have the certification and the due process protections for Rule 23b3 class, until you have those, the absent class members remain strangers to the proceeding. But the absent class members retain their individual right immediately. They are not being precluded as to their individual claim. It's only if they can be a class representative. That's true, Your Honor. We submit, however, that any procedural rights which have been recognized and adopted, those procedural rights, just as the substantive claim itself, have to be adjudicated consistent with due process. And West Virginia itself has adopted Rule 23 of the West Virginia Rules of Civil Procedure, and that State has the right to apply and interpret that rule as it sees fit, to manage its own docket and administrate its own docket as it sees fit. Am I right to read the supplemental brief as saying that now the West Virginia Supreme Court agrees with the multidistrict panel on what the content of West Virginia law is? That's not correct, Your Honor. All of the issues raised in our petition for cert remain just as they were. At worst, if White v. Wyeth withstands petition for rehearing, at worst we lose our CCPA claim. That certainly is a valuable claim to us. I will not dispute that. But we also have a common law fraud claim. We also have breach of warranty claims, and those are still in existence. And the critical fact of this case in that regard is the question of whether or not a class may be certified under West Virginia Rules of Civil Procedure has never been litigated, has never been decided by any court. Well, Mr. Monahan, do you mean by that that you would have a blanket rule that a decision on Federal Rule of Civil Procedure 23 can never be preclusive as to a State Rule of Civil Procedure 23? Your Honor, I believe it would depend upon whether or not that State has said that not only are we going to look at these Federal decisions as being persuasive, but we are going to consider ourselves bound by the decisions of the Fourth Circuit or the United States District Court of the Southern District of West Virginia. Well, suppose the State says we will not consider ourselves bound, we do have our own law with respect to Rule 23, but sometimes we will go along with the Federal rule and sometimes we won't. Is it then up to the courts to actually try to determine whether the West Virginia court in this case would have gone along, would have interpreted its own rule of civil procedure the same way that the Federal court interpreted the Federal rule? Well, for instance, what Your Honor suggests, it is essentially what the West Virginia Supreme Court of Appeals does. I mean, they will consider them to be persuasive, they will consider them. But in the Henry Resland case, the Court noted the Court actually criticized the circuit judge for relying exclusively on Federal decisions denying class certification in medical device or prescription drug cases. And the Court noted that, you know, although we will look at those rules and they may be persuasive, they are not binding and controlling on us. And that's because we do not want our legal analysis to be nothing more than a mere Pavlovian response to Federal decisional rules. What is the difference between the Federal law and the West Virginia law on the class certification issue? Not the application to this particular complaint, but as to the standard, what do you see as the difference between the Federal standard and the West Virginia standard? The main difference, Justice Alito, is that our court has — and they cite this in Henry Resland, for instance. They cite Neuberger in class actions as one of the authorities to support this principle. But they note that in our court that normally challenges based upon reliance, causation and damages will not bar certification on a predominance basis because those go to the right of the individual to recover, but not to the overall liability issues of the defendant, which it believes can be addressed as common issues in many cases and save the court an extreme amount of time addressing those common issues. Now, the Court indicates that if individual trials need to be conducted later on in any of those issues, if there are truly individual issues that need to be resolved concerning those claims, individual trials can be accomplished. Sotomayor, that the court here, the Federal court, decided that there weren't predominant issues based mostly on the fact that, like the Virginia court has now, it's decided that there's no economic loss. What were the differences? What were the differences here? How would the difference in standard play out here? Well, for instance, and this is an interesting aspect of this case, that the Court's not only trying to bind us on the procedural ruling, but is also trying to bind us on the substantive ruling as to what the elements of the claims in West Virginia are and as to what's needed to prove those claims. For instance, the Eighth Circuit has held that in looking at the district court's opinion, that it has held that an actual physical injury is required, that economic loss alone is not enough. Clearly, that's not consistent with West Virginia law. And economic loss alone can be sufficient. And West Virginia. Sotomayor, I'm sorry. I don't mean to cut you off, but you're really arguing that due process requires the same treatment, essentially, of notice and an opportunity to be heard that we are giving to a substantive decision that blocks a future member from pursuing his or her claim, correct? Yes. Very similar, Your Honor. I mean, in this circumstance, I mean, these rights are provided, these procedural rights, once they are created, are being provided and they can't be taken away without due process. West Virginia has recognized the right to proceed in our Court under our rule. Now, you don't have the guarantee. You're almost treating it as a property right. And you're basically saying we're equating it with essentially a property right. Well, I think what I'm trying to say, Your Honor, is that these type of procedural rights, whenever you have a substantive claim which is a property right and you seek to litigate them, you should have available to you all the rules of civil procedure which have been adopted and recognized. And those procedural elements of the claim should be treated or adjudicated just the same as a substantive claim. If it's a due process. Sotomayor If we disagree with you, because there is a difference of some sort between procedure and substantive rights, then what would command the due process violation in a situation in which the Federal litigation has applied essentially the same standard that the State has? And there has been adequate representation on the procedural question where no substantive right of a plaintiff has been extinguished. That's a lot of conditions, but those are the three conditions of this case. So what in due process requires that outcome, your outcome? Well, I mean, I believe that the basic – because we're not the same party, we believe the basic elements of this, the notice and the right to be heard, which our party has never had. I mean, I don't think that's the case. Sotomayor You're extinguishing a substantive right. If I return to my question of what makes a procedural right substantive. Well, this particular procedural right is very closely connected. I mean, one of the main purposes of a class action is to level the economic playing field and to enable people with small individual claims to aggregate them in order to seek justice.  Sotomayor Actually, it's not true. The plaintiff here receives the same thing. The issue is how much money the lawyers are going to receive, really. Because the plaintiff gets their attorney's fees, gets a statutory violation amount, which is going to be the same whether it's in a class action or an individual action. So it's really not the plaintiff who stands to win. No, Your Honor, the assumptions you just made, I don't believe, are correct in this particular case, because, one, obviously if we lose the CCPA claim in light of the White case, there would be no statutory attorney fees. And even if we had the CCPA claim, it's the court has discretion. It may award them. There's no requirement that it do so, no requirement whatsoever. And how can anybody bring, any lawyer trying to bring one of these small damage claims, if the damages are only $100 or $200 per plaintiff, for instance, how can any lawyer justify facing a defendant such as Baer in a complex product liability action? This, the cost alone of having experts, of doing discovery, all those matters would greatly exceed the value of the claim itself. So the class action is the only way in which to aggregate the claims and level the economic playing field for everybody. The other thing, I would note for the common law fraud claim, West Virginia does have a bad faith exception for attorney fees, but that depends on the degree of fraud that the court finds, and that in and of itself is discretionary. Roberts. What if, how far does your procedural right extend? Let's say in the second action the court says, look, we've been through all this before, we have had a million pages of discovery from the prior action, no protective order at all. So while if you were the first person here, you're entitled to, you know, ten interrogatories, because we've been through this before, I'm going to say you can look at all the discovery that's there, but you only get five interrogatories. Now, do you say, no, no, no, I'm entitled to the same procedural rights I'd have if I were here first? Is that right? Your Honor, I think the court does have some flexibility depending upon the procedural role at issue, and in essence, the court is applying almost essentially the stare decisis type of principles there. We have resolved this exact discovery issue before. Roberts. So now it's not only that you're entitled to your day in court substantively. You're entitled to your day in court procedurally as to some procedural aspects, but not others. Well, I certainly think the court needs to examine the procedural aspect, and it's important, I mean, the part that it plays. I mean, for instance, one of the problems we have in this situation is that normally res judicata collateral estoppel do not normally apply to mere procedural rulings. They're not normally used for that purpose. Most cases where they are used for that purpose are cases where a dismissal has occurred based upon a procedural ruling or a procedural failing. And whenever they apply collateral estoppel and res judicata, it's almost every case I've seen deals with the exact same party in another proceeding. And there they preclude them. But here it's a totally different party. And the issue under West Virginia law has never been litigated by any court. Breyer, in a totally different party, if a person, say an intervener, joins a litigation late, and there have been a lot of procedural rulings, I guess that that intervener takes the case as he finds it. Now, we could go to the judge and say, Judge, I want you to reconsider your procedural ruling in light of the fact I'm here. How does the situation I just sketched differ from this one? I mean, you have a client who's coming to the litigation late. He's separate from the litigation, I know. But he could send a representative to the judge and say, Judge, I want you to reconsider in light of the fact I'm joining. Now, I know I'm not joining. In fact, I'm bringing a different case. But I'm thinking of the Chief Justice's hypo here, and I'm trying to apply it. And is your client analogous to that person who joins litigation late? No, Your Honor, because, I mean, for instance, this Court's noted, and they noted, I believe in the Richard's case, that Chase National Bank v. Norwalk and Martin v. Wilkes has noted that a stranger to litigation has no duty to seek to intervene in the case. However, they can. They can seek to intervene if they have notice, if they so choose. If you take that affirmative step to intervene, knowing what has happened in that case, you obviously have notice of the case because you're choosing to intervene. And if you seek to intervene having that notice, then you take it as you find it. Now, you can certainly ask the Court to reconsider it because you want to raise new arguments, but there would be no obligation to do so. Here you have a different forum. You pick up a different plaintiff and you go to a different forum. And I guess your answer is that you could go on and on and on until maybe you find a judge who will certify this class. Your Honor, I don't believe so. I don't believe that's the case because there are limitations to that. One would be, I think, if you fought at another Federal court, for instance, Rule 23 would be the same legal standard. Federal Rule 23 is the same legal standard in all Federal courts. But we have a new plaintiff, so that plaintiff wouldn't have had notice and an opportunity to be heard? For preclusion purposes, that's correct. But I think the Federal court certainly would look at those cases for stare decisis purposes and looking as to whether or not the class should be certified under the same legal standard. Now, here we do have a different forum. We have the State of West Virginia, who has a separate sovereign, has its own rights to do this.  The chances of having another one succeed are very low because courts will look to those solitary rights. But there are 50 States. I'm sorry? There are 50 States. And if the plaintiff is asking for a nationwide class action? Yes, Your Honor. And the issue with that, though, is this Court has, in Taylor v. Sturgill, for instance, which Your Honor authored, the government argued in that case that, you know, we should adopt this virtual representation theory because of repetitive litigation. We have this FOIA request. Any person out there can file, asking the government for these documents. And the government may have to go on thousands of times, millions of times, conceivably, to do this. And this Court noted that the threat of repetitive litigation is not sufficient to justify adopting a new exception to the rule against nonparty preclusion. Alitoso, what kind of notice do you think due process would require if the court in which the case was first filed thought, I'm not going to waste, I don't want to waste my time on this class certification issue if it's just going to be relitigated over and over and over again. So I want to provide sufficient notice so that the members of the class will be bound by my class certification issue. What would have to be done? Would they all have to be given individual notice and asked to opt out? Your Honor, I believe so. I believe being consistent with Schutz, this Court's ruling in Schutz and Eisen, I think they would, because once they had the notice and if they would decide not to opt out, then they would be bound by any ruling that the court issues there. But if they don't have that opportunity, especially whenever – and this case also involves the Anti-Injunction Act, of course, and principles of federalism and comedy. And any question under the Anti-Injunction Act, any doubt should go against issuing injunctions. And the exceptions to that act are narrowly construed in light of principles of federalism. And because we do have a separate State here and we're trying to apply or seek State relief and seek the State rules and follow the State rules, I do believe you would need the same notice that we have in Schutz, the notice, the opportunity to appear, and the opportunity to opt out. Now, certainly, other issues, if we're talking about policy concerns, another thing to note is that in CAFA recently, whenever Congress adopted CAFA, certainly if they believed that basing one – using one-class denial of federal court as a basis to preclude all other similar classes seeking certification, if they thought that was consistent with due process, certainly they could have considered adopting that as part of CAFA. But they chose to deal with it in a very different way, a very different manner. And that was to go ahead and change the jurisdictional status in diversity cases, make minimal diversity, and allow removal with certain exceptions for certain discretionary ones, State home and local controversy exceptions. But they didn't – I mean, that's how they chose to deal with it. Now, certainly, we would admit that since CAFA has been enacted, the chance – certainly there's not nearly as many of these cases which will occur where this would be an issue, because many large classes now will get removed. Kagan. Kagan. When Congress enacted CAFA, did Congress think about this precise issue, the issue that Justice Ginsberg is raising about a lawyer going from State to State with a different named plaintiff? Was that – was that part of what Congress was reacting to? Yes, Justice Kagan. It's my understanding that that was something they were concerned about, and they were concerned about some states being too permissive in granting class certifications, and they were worried about some of those same factors. But you know, one of the primary concerns on all – in CAFA itself, though, was protecting the absent class members' rights. And this Court's noted those same rights in Amchem and Ortiz, many of its cases – your cases – you've noted that that's a principal concern. And this Court has heightened the standard in those class settlement certifications for the Court to make sure that each and every element and requirement is met, to ensure that the settlement itself is fair to all class members, including the absent class members, and that, you know, and that the attorney fees are fair. But would it be a violation of due process if Congress enacted a statute or if there were a rule adopted that said that the first ruling on class certification by a Federal court binds all members of the class in any other Federal litigation? Would that be a – they would retain their individual claims, but there could not be another – another class action – another class action filed. Would that be a due process violation? In all other Federal cases, I believe that that might survive a due process challenge, because you're limiting it to the same legal standard in those cases. Certainly, I think you could – because it would be applying, though, to absent class members who are not truly parties, I believe some of those due process concerns could be raised. But you certainly would not have the elements of the Federalism, you would not have the different legal standard that we have with State courts applying their own rules. Well, is there a due process right to have a class action? Your Honor, this Court's noted a procedural right to seek class certification. There's no right to have one. We have to meet the requirements. And what if Congress just decided to get rid of class actions altogether? Would that be unconstitutional? Your Honor, I certainly would hope that they would provide notice and an opportunity for people to come and make their arguments and argue both sides of the question. But no, I don't believe so. Has it ever happened, did you ever come across an instance before where in a Federal court, a judge in a district court said, no, you can't have a certification? No. And then a different plaintiff went to a different Federal court in a different part of the country and asked for a similar certification. Has – have you ever found anything like that in precedent? But it's in two Federal courts rather than State federal? Yes, Your Honor. I believe that maybe Thurgood, the recent Thurgood case out of the Seventh Circuit might have involved something similar to that. And did they say – did they say in that case that the second judge is bound as a matter of stare decisis, or is he bound as a matter of collateral estoppel? They found collateral estoppel preclusion principles, Your Honor, which are part of the same issue as here. Well, it's even somewhat worse, in my opinion, because not only do they have a different party, but they went from a nationwide class to a statewide class. And that itself is, you know, that's even Bridgestone. That would be all right on there. Of course, you would say that the subsequent plaintiff is not bound if he was not given notice and an opportunity to opt out, even if he came back to the same court, right? It would be a stupid thing to do. Yes, Your Honor. And he's probably going to lose, but you'd say he's not bound, right? Yes, yes, because you're not the same party. But the legal standard would be the same and it would not be a wise move. Thank you, counsel. Mr. Beck. Mr. Chief Justice, and may it please the Court. The core issue here is whether absent class members can be bound by a denial of class certification where there was adequate representation on that issue, but not notice and opportunity to be heard. When you say on that issue, Mr. Beck, on what issue? Because I think that there is an argument in this case that the West Virginia approach to class certification is different from the Eighth Circuit's approach, that Resolyn would not have been the way that the Eighth Circuit would have approached the class certification question. The issue that was decided and preclusive was the issue of predominance, Your Honor. And what happened there is that Judge Davis, the judge who was supervising the multidistrict litigation, he made a determination under West Virginia law as to what's required to make out an economic loss claim. And he concluded that what is required is individual proof of injury as well as individual proof of causation. And then he went on to describe what kind of evidence would be necessary to do that. So he made a legal determination, and then he went and then after looking at what kind of evidence would be required, excuse me, made a, I think, a mixed law and fact determination that given that, individual issues would predominate over common issues. His interpretation of West Virginia law was later vindicated by the West Virginia Supreme Court in White, where they held that there is a requirement of individual proof of injury, which had been contested by Petitioners, and it's clear that it's going to require this same exact kind of inquiry. So what we have is that there's no suggestion in Resolyn or anywhere else that the predominance requirement under the West Virginia version of Rule 23, which is essentially identical to the Federal version, has any other content that's different from the Federal version. In Resolyn, there's a suggestion that when, that the West Virginia courts would treat differences in damages or reliance as less significant than some Federal courts, but nothing at all that suggests in any way that if the underlying cause of action requires individual proof of injury and causation, that somehow that common questions are going to predominate over individual questions. There's no suggestion. Ginsburg. We couldn't know. We couldn't. When they went to the West Virginia Supreme Court, that was before this White v. Wyatt, they were arguing a question of substantive law. What do we have to show in order to get damages? When we say we weren't hurt by the drug, we're saying, we're not saying we didn't get any benefit from it. We're just saying we paid more money for it than we should because it wasn't of the quality that it was represented to be. When the Federal judge said, having to make a determination of West Virginia law, no, it's not the law you have to show causation, some harm to you. But when these plaintiffs went to the West Virginia court, that was still an open question of West Virginia law, and the West Virginia court might have decided it differently in the Federal court, right? Yes. Well, yes. When the Federal district judge made the determination, it was in Mr. McCollins' case, and he's called upon to resolve questions of State law just like courts are every day in diversity actions. And he resolved the question of State law, what's required by the West Virginia Consumer Credit and Protection Act. But sometimes Federal judges, they try their best. They're not the last word on what the State law is. And, Your Honor, if, for example, Judge Davis had found, as he did, in McCollins, and then he had issued the same injunction, and then the White case had come down the other way, that says that there is no requirement of injury, then conceivably the Petitioners could have gone back to Judge Davis and asked for relief from his injunction. And then we'd have an interesting question. Ginsburg. Not these Petitioners. They weren't parties to the case before. No, but they were parties to the injunction proceeding. They were the defendants in the injunction proceeding. So they're subject to an injunction, and then the law changes or the law is declared differently by the West Virginia Supreme Court. Nothing would have precluded them from coming back in front of Judge Davis and said, respectfully, sir, you were wrong in your prediction, and we'd like to be relieved from the injunction. And then we'd have a very interesting question about whether being correct or incorrect is something that can eliminate the law of preclusion, because normally if a party is precluded, they're not allowed to say, I shouldn't be precluded because I think the judge made a mistake on the law. But we don't have that here, because, in fact, Judge Davis was vindicated on not having questions about the law.  Kagan. Kagan. I'm not sure that White answers the question that I asked, because White decided a matter of substantive liability, and the question I asked was whether the approach to class certification was different in the Eighth Circuit and in West Virginia. If you look at Resolin, if you compare it to some Eighth Circuit cases, there seems to be a difference in at least tone, shall we say, about the extent to which a finding is required that common issues predominate. I think that, actually, Judge Davis took into account the difference in tone, and he looked very carefully at Resolin, and he said that what Resolin was focusing on was individual questions of damages, which defendants often argue is enough so that individual questions predominate, individual questions of reliance, which we also often argue mean that individual questions predominate. But he said, this is different, because this is, in order to prove liability, they've got to establish individual injury, which means on a person-by-person basis, either that they were harmed by the drug or that the drug didn't work to lower their as it was supposed to, and they have to show that whatever the violation of the Consumer Fraud Act was is causally linked there. And he said that's a different animal from questions of reliance and damages, and I've heard or read no conceivable explanation about how under any standard of predominance you could have common questions predominating when every single member of the class is going to have to examine the medical records to see whether their cholesterol came down, whether they suffered any side effects, and if their cholesterol didn't come down and they did suffer side effects, how that could be linked to a violation of the Consumer Fraud Act. So what Judge Davis didn't depart from Resolin at all, Judge Davis said, this goes to core questions of liability. And as I interpret the West Virginia statute, in order to establish liability, they're going to have to show that on an individual-by-individual basis. And the relevance of White is that he's correct. Of course, White even goes further and says because of that, there's no cause of action  How do you answer that they have claims that do not involve the consumer or whatever it is? They have fraud claims and some other kind of claims? Warranty claim, Your Honor. There was also a warranty claim in the McCollins case, the original Federal case. Their warranty claim is no different, and the requirements of a warranty claim are no different. Fraud obviously requires individual proof of injury and causation. The fraud is the Consumer Fraud Act is an effort to make it easier for plaintiffs to make out a cause of action. If you can't make out a cause of action under the Consumer Fraud Act, it certainly can't be made out under fraud. And in terms of preclusion law, what the Eighth Circuit observed was that when there is the same core set of facts that make out a cause of action, adding another label to it doesn't change the preclusion analysis. Ginsburg. Mr. Beck, if you're right about issue preclusion, then if Behr had gone into the West Virginia court and said, West Virginia court, Judge Davis has decided this case in the Minnesota Federal District Court, issue preclusion, that's one thing. But what was used here was quite a heavy gun, and that is the an anti-suit injunction, which seems to say we're not going to trust the West Virginia court to apply issue preclusion, we're going to stop that court from proceeding altogether. And the anti-suit injunction is a very strong weapon, and even though it's the clients who are being precluded, it's really saying to another court, we're not even going to let you get to this question. We're going to stop you. So maybe you could be right about preclusion, but wrong about use of the anti-suit injunction. Beckmann, Well, Your Honor, the any time that someone invokes the relitigation exception to the Anti-Injunction Act, by definition, an alternative would be to go into the second court and just simply plead preclusion. That would always be available, and if that were sufficient, then there would be no relitigation exception to the Anti-Injunction Act. Here's a reason why it's very important in a case like this. Under their theory, they could not only file a class action in one county in West Virginia, and then if we couldn't get an injunction but we pled preclusion, and if we prevailed, they could file one in another county. And in West Virginia, county judges don't look to judges from other counties as stare decisis, and so they could go under their approach to another county, and that judge might agree with us. And then they go to another county, and eventually they're pretty confident that they'd find one judge in one county in West Virginia who would reject our preclusion analysis and allow the case to go forward. And in West Virginia, we have no right to have an appeal heard. There is no intermediate appellate court, and there's no appeal of right to the West Virginia Supreme Court. Kennedy, Well, of course, you're arguing a principle. What would have happened if the class had gone, or those who wanted to be in the class, had gone first to the West Virginia court, and the West Virginia court had denied class certification? Would that preclude a later Federal court from granting class certification? If the West Virginia court had denied class certification on an issue that is present in Rule 23, then it would be preclusive under Rule 23. It would be under the full faith and credit statute, where Federal courts have to give full faith and credit to State judgments to the same extent that a State would. If, however, Your Honor, the court said in West Virginia, well, they meet all of the requirements of Rule 23, but under West Virginia law, we have discretion to deny a class even if they meet all the requirements of Rule 23, then that would be an interesting question, because under Federal procedure, under this Court's opinions, if someone meets all the requirements of Rule 23, then class certification is appropriate. Kagan. Kagan. Mr. Beck, the relitigation exception of the Anti-Injunction Act speaks in terms of judgments. Why is the denial of class certification a judgment? Beck. I'm not sure that it would be in the mine run case, but we don't have it. We've one of the reasons that this case is unusual is that we actually have a real life final judgment that incorporates the denial of class certification. But the judgment, if I understood it correctly, that was just a contemporaneous summary judgment motion, and the Court granted summary judgment as well. But the denial of class certification isn't responsible for the judge's dismissal of the suit. Well, but it is merged into the judgment. It's explicitly a part of the judgment. It's in the judgment itself. I think it's our Joint Appendix 83, is it? So that sounds like a very contingent answer to my question. If that were not the case, if it was the denial of a class certification, but then the action proceeds as a non-class litigation, you think that there would be no judgment and so the Anti-Injunction Act would not apply? No, Your Honor. I think that would be a tougher question. It's posed in some of the other cases percolating up, the Thorogood case, for example, or the some of them out of the Seventh Circuit. I think that under normal preclusion analysis, decisions that have not reached the point where there's a formal final judgment can still be given preclusive effect if they're sufficiently final that a court says it's exceedingly unlikely that we could reconsider. There's a doubt. That's true about preclusion, but the — and so that you might go into the West Virginia court and say this second plaintiff should be precluded. But as Justice Kagan pointed out, you're dealing with the Anti-Injunction statute that talks about judgments. And I was about to say, Your Honor, that under the Anti-Injunction Act, it might actually be a different analysis. And because the issue isn't present here, we haven't briefed it, but I could see under the — looking at the statutory language of the relitigation exception that talks about judgments, and also looking to the Federalism concerns that — that inform the — the Anti-Injunction Act, one could argue in an appropriate case that whatever the law is as to preclusion generally, when it comes to the Anti-Injunction Act, we're going to require more in the form of a formal judgment that incorporates the particular ruling. As I said, that's not our case, but I could see that.   Kagan. Kagan. Kagan. But why isn't it really? Because here what happened was that there was a denial of class certification and there was a granting of a summary judgment motion at one and the same time. But the thing that was responsible for getting the case out of court was the granting of the summary judgment motion, not the denial of class certification. That was extraneous to the judgment that the case was dismissed. I think it's actually, while it was collateral to the summary judgment motion on Mr. McCollins' individual claim, it's actually essential to the judgment in terms, including it, in terms of who's bound by the judgment. If class certification had been we need to know, once the judge has a ruled on class certification, whether he's granted it or denied it in order to know who's affected by the judgment on the merits and otherwise. And if he had granted the motion to certify the class, then there would be one set of effects coming out of a final judgment. If he denies the motion to certify the class, there's a different set of effects that come out of that judgment. So it is essential to the judgment in our mind. And, incidentally, the essential to the judgment point under preclusion law is not one that the Petitioners have ever raised below, it's not one that is in their questions presented or their cert petition or their brief. So this isn't an issue that they've preserved or argued, but we do believe, quite clearly, that the class certification denial was an integral part of the final judgment. And, obviously, it's in there on its terms. Sotomayor, under the Anti-Injunction Act, would it permit a blanket injunction that says against all future State court class proceedings across the United States, could a court just order a relitigation bar? I don't believe so, Your Honor. I think that in this Court's Chick-Cam-Chu decision, there was an emphasis that under the Anti-Injunction Act, you have to have, you know, the same issue litigated and there was a concern about whether there was a significant difference in standards. That's my question to you. So articulate what we're comparing when we're saying that the relitigation bar can apply to a procedural ruling. Yes. We started a little bit on the question, is there any requirement that that issue have been fully and fairly adjudicated in the prior proceedings? Oh, I think that for the — for preclusion to apply, even before one gets to the Anti-Injunction Act, there's a requirement that the issue be fully and fairly litigated. I think the focus would be, as Judge Davis's was, is there a difference in the standard in the class certification procedures that would result in a different outcome given the particular issue that's been decided? So that, you know, I could conceive of issues that would be dispositive in a Federal court on class certification that would have nothing to do with certification in State court. You talked about different standards. Your adversary said that in this State, reliance doesn't need to be proven. Let's assume that fact. And the district court's ruling here was based on a reliance requirement and said no predominance because each individual plaintiff will have to prove reliance. Does that become the same — a different standard or no? Judge Davis's opinion was not based in any way on reliance. I'm posing it as a hypothetical. Oh, I'm sorry. I'm sorry. It's a hypothetical. If a State court had said that this thing, that reliance or whatever, that is talked about so much in Federal courts, we don't care about that, that's not part of our standard, then that would be — and that was the basis of the Federal court's decision, then I think you would be applying different standards, and under Chick Cam Chu, there wouldn't be preclusion. Sotomayor, you see, the problem is that I don't know how you get and when you get to the question of whether reliance needs to be proven or not if you're going to bar the State court from reaching that substantive question, not that substantive issue, but that substantive question, which is not very different from here, which is what does economic loss require in terms of proof? Well, we're moving now from what is in Rule 23 in Federal and State jurisprudence to what is the underlying cause of action when we, you know, whether reliance is a part of the claim. We keep saying reliance and I don't think we're going to get to that. Sotomayor, I'm shifting them only to try to get a sense of what different standards mean to you. And how we articulate that rule in a way that doesn't preclude, doesn't permit the barring of claims when there's a different standard. I think, Justice Sotomayor, that you have to distinguish between Rule 23 and the underlying State law that's the subject of the lawsuit. And any time a Federal court is looking at whether a class action can be certified for a violation of State law, it has to make a determination of whether, of what State law is in terms of how you prove a violation, what the elements are. And that's what, that's just, you have to do that every single day. And you make that kind of determination and then you move to the next step of whether that should be preclusive, which is when Rule 23 comes into play. And I think that's the point where you say, are the State standards under Rule 23 different from the Federal standards? Scalia. I'm the party trying to bring the later class action. And you tell me I can't do it because somebody else sought a class action and it was denied. And I say, well, I don't care. I, you know, that's somebody else. That was not me. I was not a, and not only was I not a party to that case. I think that person had a lousy lawyer. And had I chosen the lawyer, we wouldn't have lost that point. What's your response to that? You cannot even say as you can where the class has been certified. Well, at least there was a determination by some judge that the absent parties were adequately represented. There hasn't been even that determination. Well, Your Honor, there was that determination in this case at the injunction stage. They did claim, they said, well, was this lawyer from West Virginia who made exactly the same arguments that they made, was he, did he adequately represent our interest? Well, you do that ex post. Well, I think I don't know. You want to litigate this later. Well, adequacy, of course, is part of Rule 23 analysis, but it's also independently a part of preclusion law analysis, where in order to be precluded, for a non-party to be precluded, then you have to do the analysis that's called for in Taylor v. Sturgill, where you have to say, in order to preclude a non-party, does it meet the two-part test of Taylor v. Sturgill, the first part, where they're independent, and the second part, are their interests aligned, here their interests were perfectly aligned, and then the second part is an either-or, did the party in the first action understand herself, in this case himself, to be acting in a representative capacity, or did the court take care to protect the interests of the non-party? That's a very subjective decision, whether the lawyer is adequate or not. People have different views about what kind of lawyer they want, and I can see somebody who doesn't even know that this action is going on saying, well, I don't care if you think the lawyer is adequate, I don't think he is. Besides, I wanted my, you know, brother-in-law to be the lawyer. Well, and in every preclusion case, there's a question about adequacy, and it focuses not on whether someone likes the lawyer or they've got a brother-in-law who is a lawyer. It focuses on whether the parties' interests are aligned, and McCollin's interests were identical to Mr. Smith's and Ms. Spurlatz's, and it points to whether Mr. McCollin's understood that he was acting in a representative capacity, and to whether Judge Davis took care to protect the interests of non-parties. So it doesn't say that everybody gets to pick their own lawyer. If that were the rule, there would be no law of preclusion because nobody would ever pick the same lawyers. My one other point I want to make is that it's on to say you're precluded. The whole point is the basic principle that you're entitled to your day in court. And you're saying, well, you're not entitled to your day in court if somebody else had a day in court and they had a good lawyer. And that is exactly the question that's posed by the law of non-party preclusion. And as this Court's opinion in Taylor v. Sturgill said, there are circumstances where a non-party can be precluded based on litigation from someone else. And I referenced the test. And the point I wanted to make is that there are circumstances in which a non-party can be precluded based on litigation from someone else. He tried to act in a rep, but his representation was denied. It's the party rather than the lawyer. And it's when he commenced that litigation and when he litigated the issue that we're talking about of class certification, there's no doubt in the world that he understood himself to be acting on behalf of a class. That's why he was litigating class certification. And, Your Honor, what we have here also, because we're kind of verging into the due process analysis, you have to start with the question of what is the interest that's at stake here. The injunction doesn't forbid any plaintiff from pursuing their individual claim or arguing anything they want about underlying West Virginia law. It only precludes them from going forward in class action. And that is the case. Ginsburg. But that's often theoretical, because on these small claims, it's class action or nothing. Nobody's going to pay a lawyer to go into court with a $100 case. These, I don't think, fall in that category, Your Honor. There's the $200 statutory penalty per violation, which means per prescription refilled. There's attorneys' fees on top of that. There's punitive damages on top of that. The McCollins case in Federal court was that kind of case, and he pled that he satisfied the jurisdictional amount of $75,000. But even if it's a small claim, the — that doesn't mean that the opportunity to litigate it in a class action and join other parties is a property interest that implicates due process protections. That is. Roberts. Thank you, counsel. Thank you. Mr. Monahan, you have 4 minutes remaining. Monahan. In this case, the MDL court did not seek to bind any parties. The decision was to deny class certification. The decision was not to bind any absent class members. Moreover, in cases talking about adequate representation, such as Hansberry v. Lee in the Richards case, one of the things this Court noted was that normally you have a judgment that indicates who it purports to bind. There's nothing in the district court's initial judgment indicating that the absent class members are bound by the denial of class certification, nothing whatsoever. And Devlin v. Scardelletti, which they say supports their position, clearly supports our position, because that was a case dealing with a certified class settlement where there was objections. And because the objections were made and overruled, this Court noted that those people could appeal directly without having to intervene in that case. Well, you have to – I think you would concede that the Seventh Circuit now two decisions, one in Bridgestone and then the other in Thoreau. But the Seventh Circuit thinks it can do this. Yes, Your Honor. And the Seventh Circuit, for instance, in Bridgestone, which the Eighth Circuit relied upon in this case, indicated that adequate representation was one of the factors – our right to appeal was one of the factors and then our individual claims still existing, consistent, sufficient due process. But one, we have no notice, so how can we appeal anything if we don't know it exists? And this Court's noted that in many cases in Mullane and Richards and throughout, that if you have no notice of a matter, how can you ever have an opportunity to be heard because you don't know about it? Now, as to adequate representation, that was something I wanted to turn to. Kennedy, just unnoticed, does the record show when the client first came to the attorney? Your Honor, our case was filed in September 2001. The McCollins case was filed in August 2001. And nobody knew about the other one at all. I mean, these cases were filed almost at the same time and less than a month apart in different counties, different attorneys, different named plaintiffs. I did want to note in Devlin v. Cardelletti, Justice Scalia noted in his dissent that not even Petitioners were advancing the novel and surely erroneous argument that absent class members were considered parties before class certification. Do we know that in the record, that the attorneys didn't even know about each other's cases? I mean, is that borne out? I mean, is that an issue? Your Honor, we've argued that throughout. We knew nothing about it. And, see, the MDL proceeding, we had like one or two cases that were filed, individual actions, where the plaintiffs did not want to seek class action status, and those got removed to Federal court and transferred. The MDL court provides notice of the orders affecting all cases in general and then provides you with orders in your own case. You do not get orders about other individual cases. So we never knew about McCollins and that it was seeking class certification. I would note that the White case here in no way vindicates the district court. The White case did say that reliance did not have to be proven if you have fraudulent concealment or suppression. Rather, the standard is all you have to do is you have to show would an objectively reasonable person have bought the product had they known all of the information that was concealed and suppressed. And clearly, that can be dealt with on a common basis. But a confusing aspect here, it seems like many people try to argue that for class actions that you have to have all common issues or else you can't have one. And that's unfortunate because I'm not aware of any class action where you don't have at least one. Ginsburg. Can I just go back to what you said before? I thought the West Virginia Supreme Court said you can't have actions for drugs under the consumer or whatever. They added a syllabus 0.6, the last paragraph of the opinion, a paragraph that says that from now on, the prescription drug purchasers cannot have such a claim. And that was unknown to anybody. It was not raised as part of the certified question and had not been litigated or argued. So that's part of the petition for rehearing, is my understanding. Thank you, counsel. Counsel, the case is submitted.